# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| RACHEL BRAYMAN, individually and on behalf of all other similarly situated individuals, | Case No. |
| Plaintiffs, | **COMPLAINT** |
| v. | **(JURY TRIAL DEMANDED)** |
| Keypoint Government Solutions, Inc., a Delaware Corporation, | |
| Defendant. | |

Plaintiff Rachel Brayman ("Plaintiff"), on behalf of herself and all others similarly situated, through her attorneys, brings this action against Keypoint Government Solutions, Inc. ("Defendant"), for damages and other relief relating to violations of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Venue is proper in the United States District Court, District of Colorado pursuant to 28 U.S.C. § 1391 because Defendant's Corporate headquarters and principal place of business are located in this Judicial District, Defendant employs members of the proposed Collective and transacts business in this Judicial District, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

3. Defendant Keypoint Government Solutions, Inc. ("Keypoint") is a Delaware corporation with its corporate headquarters located in Loveland, Colorado.

4. According to its website, Keypoint is the largest provider of investigative services and background screening for the Federal government.

5. Keypoint also provides investigative services to intelligence and civillian sectors.

6. Keypoint's background investigation services are performed by Keypoint's Investigators.

7. Keypoint has office locations in Loveland, CO, Slippery Rock, PA and Fairfax, VA; however, its Investigators are distributed through the United States, Puerto Rico, and Guam.

8. At all relevant times, Keypoint has been an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d). Specifically, Keypoint provides investigative and risk mitigation services to government organizations, including the U.S. Office of Personnel Management, Customs and Border Protection and Department of Homeland Security throughout the United States, Puerto Rico, and Guam. Upon information and belief, Keypoint's gross annual sales made or business done have been in excess of $500,000.00 at all relevant times.

9. Plaintiff Rachel Brayman is an adult resident of the State of New Jersey. Plaintiff was employed by Defendant as an Investigator from approximately September 2014 to June 2017.

10. During her employment with Keypoint, Plaintiff Brayman worked remotely from her residence and was responsible for covering a geographic territory in New Jersey.

11.     At all relevant times, Plaintiff Brayman was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 203.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

12.     Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals worked as Investigators (or in other positions with similar job duties) for Defendant. The proposed collective class under the FLSA is defined as follows:

> All persons who worked as Field Investigators, Background Investigators, or in other positions with similar job duties, for Defendant at any time during the last three years prior to the filing of this Complaint through the entry of judgment (the "FLSA Collective").[1]

13.     Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as **Exhibit A**. In addition, to date, two other individuals have consented in writing to be a part of this action. Their consent forms are attached as **Exhibit B**. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

14.     As Investigators, Plaintiff and the FLSA Collective are or were employed by Defendant within the meaning of the FLSA.

15.     Plaintiff and the FLSA Collective are or were hourly-paid, non-exempt employees eligible for overtime pay.

16.     Defendant operated under a common policy and/or practice of suffering and permitting and/or requiring Plaintiff and the FLSA Collective to work unpaid overtime hours.

---

[1] The proposed FLSA Collective is limited to Investigators who work for Defendant as W-2 employees and does not include those working for Defendant as "independent contractors."

17. Defendant imposed production requirements that, if not met, could subject Plaintiff and the FLSA Collective to disciplinary action or lead to demotion or termination.

18. Plaintiff and the FLSA Collective regularly worked unpaid overtime hours to meet Defendant's production requirements.

19. For example, during the workweek ending November 19, 2016, Plaintiff estimates that she worked fifty-five (55) to sixty (60) hours. Plaintiff was not paid for the overtime hours she worked during this period.

20. Defendant required Plaintiff and the FLSA Collective to record their hours in an electronic time-keeping system. However, the hours recorded in the electronic time-keeping system do not accurately reflect all of the hours Plaintiff and the FLSA Collective worked.

21. Defendant knew, or should have known, that Plaintiff and the FLSA Collective routinely worked unpaid overtime hours.

22. Defendant instructed Plaintiff and the FLSA collective to underreport their actual hours worked, resulting in Plaintiff and FLSA Collective not being paid for all of their overtime hours worked.

23. Defendant also modified or altered Plaintiff's and other Investigators' time records to reflect fewer overtime hours worked.

24. Plaintiff's supervisor acknowledged in emails and on teleconference calls that Plaintiff and other Investigators worked overtime hours, but refused to approve all the overtime hours that they worked.

25. Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

26. Defendant's conduct is willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

27. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

28. Notice of this action should be sent to all similarly situated Investigators. There are numerous similarly situated current and former employees of Defendant who have been denied proper overtime compensation in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit by providing an opportunity to join it. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CAUSE OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME
### (on behalf of Plaintiff and the FLSA Collective)

29. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

30. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

31. Plaintiff and the FLSA Collective are non-exempt employees entitled to FLSA overtime compensation for all hours worked in excess of forty (40).

32. Defendant failed to accurately record actual hours worked by Plaintiff and the FLSA Collective.

33. Plaintiff and the FLSA Collective work(ed) in excess of forty (40) hours per week, but did not receive the appropriate overtime compensation from Defendant.

34. By failing to pay proper overtime compensation, Defendant violated the FLSA.

35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and those similarly situated have suffered and will continue to suffer a loss of income and other damages. Plaintiff and those similarly situated are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for relief as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendant for violation of the overtime provisions of the FLSA;

C. Judgment that Defendant's violations as described above were willful;

D. Judgment that Defendant failed to maintain accurate time records of all the hours worked by Plaintiff in violation of the FLSA;

E. An award in an amount equal to Plaintiff's and the similarly situated employees' unpaid back wages at the applicable overtime rate;

F. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

G. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

H. An award of prejudgment interest to the extent liquidated damages are not awarded;

I. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the FLSA Collective demand a trial by jury.

Dated: March 8, 2018

s/ Rachhana T. Srey
Rachhana T. Srey, MN Bar No. 340133
Paige C. Fishman, MN Bar No. 398359
**NICHOLS KASTER, PLLP**
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
Email: srey@nka.com
   pfishman@nka.com

Benjamin L. Davis, III, MD Bar No. 29774
George E. Swegman, MD Bar No. 19444*
**THE LAW OFFICES OF PETER T. NICHOLL**
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Telephone: (410) 244-7005
Email: bdavis@nicholllaw.com
   gswegman@nicholllaw.com

*admission application forthcoming*

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE FLSA COLLECTIVE CLASS**