IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-0550-WJM-NRN

RACHEL BRAYMAN, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

KEYPOINT GOVERNMENT SOLUTIONS, INC., a Delaware corporation,

    Defendant.

**ORDER ADOPTING IN PART AND REJECTING IN PART
MAGISTRATE JUDGE'S MARCH 17, 2020 RECOMMENDATION, AND
GRANTING PLAINTIFF'S MOTION TO AMEND**

Plaintiff Rachel Brayman ("Brayman") brings this action against Defendant KeyPoint Government Solutions, Inc. ("KeyPoint"), for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (ECF No. 1.)  Brayman's FLSA claim concerns KeyPoint's alleged failure to properly compensate a certain class of employees known as "Investigators" for overtime hours worked, and an alleged policy of unlawfully prohibiting overtime in certain circumstances.  (*Id.* ¶¶ 20–25.)

This matter is before the Court on United States Magistrate Judge N. Reid Neureiter's Report and Recommendation dated March 17, 2020 ("Recommendation") (ECF No. 256), which recommends that this Court grant Brayman's Opposed Motion for Leave to Amend the Complaint to Add Party and Claims ("Motion to Amend") (ECF No. 222).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

KeyPoint filed a timely objection to the Recommendation ("Objection"). (ECF No. 258.) For the reasons explained below, the Court overrules KeyPoint's specific objections and adopts most of the Recommendation, but rejects it as to a particular time-barred claim. As to that claim, however, the Court accepts Brayman's proposal to add another named plaintiff for whom that claim is not time-barred. The Court will also strike, without prejudice, the motion to compel arbitration contained within the Objection.

## I. RULE 72(b) STANDARD

When a magistrate judge issues a recommendation on a dispositive matter,[1] Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. BACKGROUND

Brayman filed this lawsuit on March 8, 2018. (ECF No. 1.) Brayman moved for FLSA conditional collective action certification on April 6, 2018. (ECF No. 22.) On May

---

[1] D.C.COLO.LCivR 72.3(a) specifies that a motion to amend is considered "dispositive." There is some dispute in this District about whether a motion to amend to assert a claim for exemplary damages is dispositive, *see Sunflower Condo. Ass'n, Inc. v. Owners Ins. Co.*, 2018 WL 1755784, at *1 (D. Colo. Apr. 12, 2018); *Grabau v. Target Corp.*, 2008 WL 179442, at *5 (D. Colo. Jan. 17, 2008), but Brayman's Motion to Amend is not of that nature.

22, 2018, the parties submitted their proposed scheduling order, which included the following:

> In light of the fact that Plaintiff's motion for conditional class [*sic*] certification is currently pending, the parties propose the Court refrain from setting deadlines identified below as the scope of discovery and the case will be affected by whether an FLSA collective class is certified. Within thirty (30) days after the Court['s] ruling on Plaintiff's motion or after the end of the FLSA notice period, whichever is later, the parties will submit a proposed scheduling order for the Court's consideration on the below deadlines.

(ECF No. 39 at 9.) Among the "below deadlines" was the deadline for joinder of parties and amendment of pleadings. (*Id.*) The magistrate judge (then, U.S. Magistrate Judge Michael J. Watanabe, who has since retired) adopted this proposal, without change, in the Scheduling Order. (ECF No. 42 at 9.)

The Court granted FLSA conditional collective action certification on November 1, 2018. *See Brayman v. KeyPoint Gov't Sols., Inc.*, 2018 WL 5776373 (D. Colo. Nov. 1, 2018) (ECF No. 69) ("*Brayman I*"). Normally that would have set in motion the process of sending notice, but KeyPoint soon after filed a motion for reconsideration. (ECF No. 73.) The Court resolved that motion on August 7, 2019. *See Brayman v. KeyPoint Gov't Sols., Inc.*, 2019 WL 3714773 (D. Colo. Aug. 7, 2019) (ECF No. 149) ("*Brayman II*"). Brayman's counsel then began transmitting notices to potential opt-in plaintiffs, and the notice period ended on November 22, 2019. (ECF No. 222-1 ¶ 3.) Not long after, the Court issued a third ruling, this one regarding the effects of an exception to the arbitration agreement that some KeyPoint employees signed. *See Brayman v. KeyPoint Gov't Sols., Inc.*, 2019 WL 6838950 (D. Colo. Dec. 16, 2019) (ECF No. 217) ("*Brayman III*").

The end of the notice period triggered the parties' duty to propose an amended

3

scheduling order with dates for, among other things, joinder of parties and amendment of pleadings.  (ECF No. 42 at 9.)  The parties submitted the proposed amended scheduling order on December 4, 2019, proposing a January 13, 2020 deadline for joinder and amendment.  (ECF No. 215 at 15.)  The magistrate judge (now, Judge Neureiter) adopted this proposal, making it a part of the Amended Scheduling Order.  (ECF No. 218 at 16.)

On January 13, 2020 (the joinder/amendment deadline), Brayman filed the Motion to Amend currently at issue.  (ECF No. 222.)  Brayman proposes adding a new named plaintiff: Adriana Ponce, who worked for KeyPoint in California "from approximately June 2014 to October 2016."  (ECF No. 222-2 ¶¶ 13–14.)  Brayman also proposes adding five causes of action, all arising under California statutes, regulations, and/or administrative orders:

- failure to pay overtime wages ("Claim 2");
- failure to provide accurate itemized wage statements ("Claim 3");
- failure to provide rest breaks and meal periods ("Claim 4");
- failure to pay "final wages" to those who have left KeyPoint's employ ("Claim 5"); and
- unfair competition, by engaging in the acts and practices all of the previous claims ("Claim 6").

(*Id.* at 9–16.)  Finally, Brayman proposes a Rule 23 class action for all California-based "Investigators" for KeyPoint, with Ponce acting as class representative.  (*Id.* at 6–9.)

### III.  RULE 15(a) STANDARD

Under Federal Rule of Civil Procedure 15(a), a court should allow a party to

4

amend its pleadings "when justice so requires."  "[T]he grant or denial of an opportunity to amend is within the discretion" of the Court, but an "outright refusal to grant [such] leave without any justifying reason" is an abuse of discretion.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Refusing leave to amend is generally only justified upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Id.*

## IV.  ANALYSIS

KeyPoint's Objection asserts the same challenges to Brayman's Motion to Amend as KeyPoint asserted in its previous response brief before Judge Neureiter.  (*Compare* ECF No. 240 *with* ECF No. 258.)  KeyPoint says that Brayman's motion should be denied on account of undue delay, prejudice to KeyPoint, and futility of amendment, and that the Court should otherwise decline supplemental jurisdiction.  The Court will address these arguments in turn.

**A.     Undue Delay**

KeyPoint emphasizes that Brayman knew from the beginning stages of the lawsuit—when three California residents opted in—that California claims could be a part of this lawsuit, yet Brayman waited almost two years to assert California claims.  (ECF No. 240 at 4–7.)[2]  Judge Neureiter rejected this argument because Brayman's Motion to Amend was still timely under the Amended Scheduling Order, and KeyPoint had not "cited a single case, Tenth Circuit or otherwise, where a motion for leave to amend [that was] filed before the amendment deadline expired was held to be untimely."  (ECF No.

---

[2] It is not clear from the opt-in notices where any opt-in plaintiff lives or works, but Brayman does not dispute that three of the early opt-ins are from California.

5

256 at 4–5.)  KeyPoint objects that Judge Neureiter was wrong to consider a by-the-deadline motion as timely *per se* for purposes of a Rule 15(a).  (ECF No. 258 at 11–12.)

The Court need not decide whether a by-the-deadline motion is timely *per se*.  "[D]elay alone is an insufficient ground to deny leave to amend.  At some point, however, delay will become undue, placing an unwarranted burden on the court, or will . . . become prejudicial, placing an unfair burden on the opposing party."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (internal quotation marks omitted; alterations in original).  Thus, the real question is burden upon the Court or prejudice to KeyPoint.  KeyPoint makes no burden argument on the Court's behalf, and KeyPoint's prejudice argument is discussed in Part IV.B, below.

In addition, the parties specifically agreed to defer even *proposing* an amendment deadline until after the opt-in notice period had run.  Even if a by-the-deadline motion is not timely *per se*, the Court would not find Brayman's motion untimely under the circumstances here.  Accordingly, the Court adopts this portion of the Recommendation.

**B.   Undue Prejudice**

KeyPoint argued to Judge Neureiter that Brayman's proposed amended complaint raises "wholly different claims," requires "duplicative discovery," and will require costly additional briefing (*i.e.*, a motion to dismiss, and, if that does not succeed, a Rule 23 class certification motion that will necessarily overlap with questions of arbitrability).  (ECF No. 240 at 7–11 (capitalization normalized).)  Judge Neureiter rejected these arguments, finding that Brayman's proposed new claims are not significantly different from her FLSA claims, and that additional discovery would not create undue prejudice.  (ECF No. 256 at 5–6.)

6

Having considered the matter *de novo*, the Court agrees with Judge Neureiter. "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208 (10th Cir. 2006) (internal quotation marks and citation omitted). If the proposed amendments "track the factual situations set forth in [previous or subsisting claims]," then prejudice is highly unlikely. *Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994).

The proposed California state-law claims may raise new factual issues (such as regarding wage statements), but they do not arise out of a subject matter different from what was set forth in the original complaint. Indeed, at oral argument before Judge Neureiter, Brayman's counsel conceded that the new California claims stand or fall with the FLSA claims:

> [I]f plaintiffs lose on their FLSA overtime claim, then the jury is saying these employees were paid for all hours worked. If they're paid for all hours worked, their wage statements are accurate, so there is no liability under that claim. They've been paid for their final wages due, no liability again. They've been paid for their meal and rest break periods under California law.

(ECF No. 257 at 33.) With that understanding, the Court finds that the new claims are not so different as to create prejudice on that account.

As for duplicative discovery, the Court finds KeyPoint's arguments mostly nonspecific, and otherwise unpersuasive. (*See* ECF No. 240 at 9; ECF No. 258 at 8.) Yes, additional discovery will be needed, but the Court does not find that to be *undue* prejudice under the circumstances. Indeed, if additional discovery, without more, was deemed to be sufficient prejudice, Rule 15(a)'s presumption of liberal amendment would

frequently be thwarted. *See, e.g.*, *Calderon v. Kan. Dept. of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir.1999) ("The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits.").

Finally, as for additional motion practice, some of that is within KeyPoint's control. Nothing compels it to move to dismiss, for example. But even if KeyPoint feels obligated to move to dismiss (such as to try and prevent certain discovery), again, the Court sees no *undue* prejudice here.

For these reasons, the Court adopts this portion of the Recommendation.

**C.     Futility**

Proposed amendments are futile when the amended complaint "would be subject to dismissal for any reason." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001). Here, the futility question revolves around whether Ponce's state-law claims are time-barred, which in turn implicates the doctrine of "relation back": "An amendment to a pleading relates back to the date of the original pleading when," among other things, "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).[3] This standard is not satisfied "when [the proposed

---

[3] It is not clear that this rule was meant to apply to adding new claims by way of adding *new parties* who, in turn, assert new claims that the preexisting plaintiffs could never have brought (Brayman worked for KeyPoint in New Jersey, *see* ECF No. 1 ¶ 10, so she could not have brought a California state-law claim). *Cf. Zorrilla v. Carlson Restaurants Inc.*, 255 F. Supp. 3d 465, 476–77 (S.D.N.Y. 2017) (adopting a test for evaluating relation back when the plaintiff seeks to add new claims through new plaintiffs); 6A Charles Alan Wright et al., *Federal Practice & Procedure* § 1501 (3d ed., Apr. 2020 update) (generally discussing the issues raised by adding plaintiffs, not just claims, through Rule 15(c)). But, as will become clear below, KeyPoint argues only that Rule 15(c)(1)(B) is not satisfied under the circumstances of this case, not that Rule 15(c)(1)(B) is the wrong authority to begin with. The Court therefore will not explore this matter further.

8

amendment] asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

KeyPoint argued before Judge Neureiter that the proposed amendment is mostly futile, because the statute of limitations has run on all but one of the proposed new claims. Specifically:

> Ponce last worked for Defendant on October 7, 2016. Ponce's claim for failure to provide accurate wage statements under Labor Code section 226 [Claim 3] is subject to a one-year statute of limitations under California Code of Civil Procedure section 340(a). Ponce had to file her claim no later than October 6, 2017, which she failed to do. Ponce's claims for (1) failure to pay overtime under California law [Claim 2]; (2) failure to provide meal and rest periods under California law [Claim 4]; and (3) the willful failure to timely pay final wages [Claim 5] are subject to a three-year statute of limitations under California Code of Civil Procedure section 338(a). Ponce had to file these claims no later than October 6, 2019. She did not do so.

(ECF No. 240 at 11–12 (certain citations omitted).) As for unfair competition (Claim 6), KeyPoint conceded that the applicable four-year statute of limitations had not expired and "Ponce can pursue this claim in California." (*Id.* at 12 n.5.) But, as for the time-barred claims, KeyPoint argued that relation back is not available because those claims are too different from the FLSA claim to meet the Rule 15(c)(1)(B) standard. (ECF No. 240 at 12–14.)

Brayman, in her reply brief, asserted that Rule 15(c)(1)(B) applies, but appeared to concede that Claim 3 is time-barred regardless of relation back because the one-year statute of limitations expired in October 2017, about five months before Brayman filed this action. (ECF No. 246 at 8.) Brayman therefore attached to her reply brief a revised proposed amended complaint, proposing another named plaintiff, Dana McCarthy, as

9

class representative for Claim 3. (*Id.*) McCarthy worked for KeyPoint through January 2020. (*Id.*)

Judge Neureiter concluded that Brayman's proposed new claims meet the plain language of Rule 15(c)(1)(B): "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." (ECF No. 256 at 7.) Thus, he said, relation back was proper. As for Claim 3 and the proposed addition of McCarthy, Judge Neureiter said, "Given [the Court's] conclusion that the claims of Ms. Ponce relate back, the Court does not need to address this issue." (*Id.* at 6 n.1.) Judge Neureiter did not explain how relation back was possible as to Claim 3 when the relevant statute of limitations expired before Brayman filed this action.

KeyPoint's Objection reiterates its pre-Recommendation emphasis that the new claims are far too different from Brayman's FLSA claim to qualify for relation back. (ECF No. 258 at 1–2, 4–7.) Much of this argument focuses on the additional discovery that KeyPoint believes will become necessary, which KeyPoint apparently deems to be a proxy for showing the allegedly vast differences between the FLSA claim and the proposed new claims—in other words, if significant new discovery will be required, Rule 15(c)(1)(B) cannot be satisfied. (*Id.* at 5–6.)

The Court does not dispute that, in some cases, additional or unexpected discovery could be evidence that a proposed new claim does not meet the Rule 15(c)(1)(B) standard. However, the Court must start with the language of the rule itself: "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The Court

10

agrees with Judge Neureiter that this language is satisfied here. Brayman seeks to add claims under California law that flow from the very same conduct underlying her FLSA claims. As Brayman's counsel explained at oral argument before Judge Neureiter:

> [O]ur legal theory is that defendant enforced unrealistic productivity requirements and pressures from management that forced employees to work off the clock in a manner that violated overtime laws. That made their wage statements inaccurate, that made them not receive their final wages owed to them and that made them miss lunch and rest periods.

(ECF No. 257 at 9.) And, as already noted in Part IV.B, above, Brayman admits that her claims, other than her basic California failure-to-pay-overtime claim (Claim 2), are hangers-on, not claims that might merit relief even if KeyPoint already paid all wages required by law. Thus, Judge Neureiter is correct that the plain language of the rule is satisfied, and so it would be error not to apply relation back.

Or at least it would be error as to all but Claim 3. But KeyPoint does not argue that the Court should reject Judge Neureiter's analysis at least as to Claim 3. Oddly, KeyPoint instead objects that adding a new proposed plaintiff via reply brief is procedurally improper. (ECF No. 258 at 4 n.2.) This objection is aimed at nothing because Judge Neureiter did *not* allow Brayman to add a new plaintiff via reply brief. He specifically avoided addressing the procedural irregularity by ruling that all of Ponce's claims (necessarily including Claim 3) relate back. (ECF No. 256 at 6 n.1.) And KeyPoint nowhere objects that *that* ruling was error as to Claim 3. Thus, the Court finds that no party has objected to Judge Neureiter's recommendation that Claim 3 should go forward.

Even so, the Court normally reviews unobjected-to portions of a recommendation for "clear error," because that is what the Federal Rules Advisory Committee

11

recommends. *See* Fed. R. Civ. P. 72 advisory committee note to 1983 amendments ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

There is no settled meaning of "clear error" in this context. The notion of "clear error" entered modern civil procedure parlance through Rule 52, where it is specifically applied to factual findings: "Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous . . . ." Fed. R. Civ. P. 52(a)(6); *see also Ornelas v. United States*, 517 U.S. 690, 695 n.3 (1996) ("'Clear error' is a term of art derived from Rule 52(a) of the Federal Rules of Civil Procedure, and applies when reviewing questions of fact."); *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). Here, Judge Neureiter's error was legal, not factual. But whatever the meaning of "clear error" in this context, the Court finds it inappropriate to adopt the Recommendation as to Claim 3, if only because it could create significant confusion about how far back Claim 3's statute of limitations may reach if the Court ultimately approves a Rule 23 class and names Ponce as a class representative. If Claim 3 may go forward as to her, even though it is time-barred regardless of relation back, may it also go forward as to class members who are likewise time-barred? Rather than forcing the parties and the Court into a position where they might need to consider that question, the Court finds it prudent to instead reject the Recommendation as to Claim 3. Consequently, the Recommendation's futility analysis is adopted in part and rejected in part.

The Court further finds it is in the interest of justice to permit Brayman to add McCarthy as another named plaintiff, as proposed in Brayman's pre-Recommendation reply brief. Normally the Court looks dimly on matters raised for the first time in a reply brief, but it is essentially a reply-brief concession (which is not itself so unusual), and KeyPoint has never explained how its arguments might have changed if it knew from the beginning that McCarthy was being put forth as a new named plaintiff.

### D.     Whether to Exercise Supplemental Jurisdiction

The Court has found that Brayman's proposed amendment need not be rejected as untimely, unduly prejudicial, or futile. But because the Court would be exercising its supplemental jurisdiction to hear these state-law claims, the Court has discretion to "decline" to hear them if, among other things, the state-law claims will "substantially predominate[] over the claim or claims over which the district court has original jurisdiction [*i.e.*, Brayman's FLSA claim]." 28 U.S.C. § 1367(c)(2).

KeyPoint argued to Judge Neureiter that the Court should exercise this discretion. (ECF No. 240 at 14–15.) In the Recommendation, however, Judge Neureiter found that supplemental jurisdiction would serve the interests of judicial economy, convenience, and fairness better than two actions (this one and any action Ponce or another California employee might file in California). (ECF No. 256 at 7–8.) The Court agrees.

Brayman's new claims may substantially *lengthen* this case because of the motion practice that will likely follow. However, the Court is not convinced that the new claims will substantially *predominate*. Further, this case will already explore the factual basis for the new claims (KeyPoint's alleged policies that, according to Brayman, caused KeyPoint employees to work overtime hours without overtime pay). Splitting

that inquiry across two lawsuits would not serve the interests of judicial economy.

## V.  MOTION TO COMPEL ARBITRATION

The last four pages of KeyPoint's Objection is a section titled "Motion to Compel Arbitration." (ECF No. 258 at 12–15.)  KeyPoint argues that, even if the Court allows amendment by way of relation back, the "Pending Litigation Exception" contained in some California employees' arbitration agreements does not excuse those employees' obligation to arbitrate disputes raised in the amended complaint.  (*Id.*)  *See also Brayman III*, 2019 WL 6838950, at *2–4 (analyzing the Pending Litigation Exception).

The Court expresses no opinion on the potential interplay between relation back and the Pending Litigation Exception.  KeyPoint's choice to include this motion within the Objection violates both D.C.COLO.LCivR 7.1(d) ("A motion shall be filed as a separate document.") and WJM Revised Practice Standard III.B ("All requests for the Court to take any action, make any type of ruling, or provide any type of relief must be contained in a **separate**, written motion.  A request of this nature contained within a brief, notice, status report or other written filing does not fulfill this Practice Standard." (boldface in original)).  This portion of the Objection will therefore be stricken.

## VI. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The March 17, 2020 Recommendation (ECF No. 256) is ADOPTED IN PART and REJECTED IN PART as stated above;

2. KeyPoint's Objection (ECF No. 258) is OVERRULED;

3. Brayman's Opposed Motion for Leave to Amend the Complaint to Add Party and Claims (ECF No. 222) is GRANTED;

4. No later than **July 9, 2020**, Brayman shall file a clean (non-redline) version of her proposed amended complaint (ECF No. 246-2); and

5. The portion of KeyPoint's Objection titled "Motion to Compel Arbitration" (ECF No. 258 as 12–15) is STRICKEN without prejudice to re-raising the same arguments at an appropriate time and in an appropriate format.

Dated this 7th day of July, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge