# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

|  |  |
|---|---|
| RACHEL BRAYMAN, DANA McCARTHY, AND ADRIANA PONCE, individually and on behalf of all other similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> KeyPoint Government Solutions, Inc., a Delaware Corporation, <br><br> Defendant. | Case No. 1:18-cv-00550-WJM-NRN <br><br> **FIRST AMENDED COMPLAINT** <br><br> **(JURY TRIAL DEMANDED)** |

Plaintiff Rachel Brayman ("Plaintiff"), on behalf of herself and all others similarly situated in the FLSA Collective, and Plaintiffs Adriana Ponce and Dana McCarthy, individually and on behalf of the proposed California Rule 23 Class, through their attorneys, bring this action against KeyPoint Government Solutions, Inc. ("Defendant"), for damages and other relief relating to violations of the Fair Labor Standards Act; Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194; Cal. Labor Code §§ 201, 202, and 203; Cal. Labor Code § 226; and Cal. Bus. & Prof. Code §§ 17200 *et seq.*

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims asserted herein, as the state and federal claims derive from a common nucleus of operative fact.

3. Venue is proper in the United States District Court, District of Colorado pursuant to 28 U.S.C. § 1391 because Defendant's Corporate headquarters and principal place of business are located in this Judicial District, Defendant employs members of the proposed Collective and transacts business in this Judicial District, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4. Defendant KeyPoint Government Solutions, Inc. ("KeyPoint") is a Delaware corporation with its corporate headquarters located in Loveland, Colorado.

5. According to its website, KeyPoint is the largest provider of investigative services and background screening for the Federal government.

6. KeyPoint also provides investigative services to intelligence and civillian sectors.

7. KeyPoint's background investigation services are performed by KeyPoint's Investigators.

8. KeyPoint has office locations in Loveland, CO, Slippery Rock, PA and Fairfax, VA; however, its Investigators are distributed through the United States, Puerto Rico, and Guam.

9. At all relevant times, KeyPoint has been an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d). Specifically, KeyPoint provides investigative and risk mitigation services to government organizations, including the U.S. Office of Personnel Management, Customs and Border Protection and Department of Homeland Security throughout the United States, Puerto

2

Rico, and Guam. Upon information and belief, KeyPoint's gross annual sales made or business done have been in excess of $500,000.00 at all relevant times.

10. Plaintiff Rachel Brayman is an adult resident of the State of New Jersey. Plaintiff was employed by Defendant as an Investigator from approximately September 2014 to June 2017.

11. During her employment with KeyPoint, Plaintiff Brayman worked remotely from her residence and was responsible for covering a geographic territory in New Jersey.

12. At all relevant times, Plaintiff Brayman was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 203.

13. Adriana Ponce is an adult resident of the State of California. Plaintiff Ponce was employed by Defendant as an Investigator from approximately June 2014 to October 2016.

14. During her employment with KeyPoint, Plaintiff Ponce worked remotely from home and was responsible for covering a geographic territory in California.

15. At all relevant times, Plaintiff Ponce was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 203 and California state law.

16. Dana McCarthy is an adult resident of the State of California. Plaintiff McCarthy was employed by Defendant as an Investigator from approximately October 6, 2014 to January 9, 2020.

17. During her employment with KeyPoint, Plaintiff McCarthy worked remotely from home and was responsible for covering a geographic territory in California.

18. At all relevant times, Plaintiff McCarthy was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 203 and California state law.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

19. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals worked as Investigators (or in other positions with similar job duties) for Defendant. The proposed collective class under the FLSA is defined as follows:

> All persons who worked as Field Investigators, Background Investigators, or in other positions with similar job duties, for Defendant at any time during the last three years prior to the filing of this Complaint through the entry of judgment (the "FLSA Collective").[1]

20. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as **Exhibit A**. In addition, to date, one other individual has consented in writing to be a part of this action. The consent form is attached as **Exhibit B**. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

21. As Investigators, Plaintiff and the FLSA Collective are or were employed by Defendant within the meaning of the FLSA.

22. Plaintiff and the FLSA Collective are or were hourly-paid, non-exempt employees eligible for overtime pay.

23. Defendant operated under a common policy and/or practice of suffering and permitting and/or requiring Plaintiff and the FLSA Collective to work unpaid overtime hours.

24. Defendant imposed production requirements that, if not met, could subject Plaintiff and the FLSA Collective to disciplinary action or lead to demotion or termination.

---

[1] The proposed FLSA Collective is limited to Investigators who work for Defendant as W-2 employees and does not include those working for Defendant as "independent contractors."

25. Plaintiff and the FLSA Collective regularly worked unpaid overtime hours to meet Defendant's production requirements.

26. For example, during the workweek ending November 19, 2016, Plaintiff estimates that she worked approximately fifty-five (55) to sixty (60) hours. Plaintiff was not paid for the overtime hours she worked during this period.

27. Defendant required Plaintiff and the FLSA Collective to record their hours in an electronic time-keeping system. However, the hours recorded in the electronic time-keeping system do not accurately reflect all of the hours Plaintiff and the FLSA Collective worked.

28. Defendant knew, or should have known, that Plaintiff and the FLSA Collective routinely worked unpaid overtime hours.

29. Defendant instructed Plaintiff and the FLSA collective to underreport their actual hours worked, resulting in Plaintiff and FLSA Collective not being paid for all of their overtime hours worked.

30. Defendant also modified or altered Plaintiff's and other Investigators' time records to reflect fewer overtime hours worked.

31. Plaintiff's supervisor acknowledged in emails and on teleconference calls that Plaintiff and other Investigators worked overtime hours, but refused to approve all the overtime hours that they worked.

32. Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

33. Defendant's conduct is willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

34. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

35. Notice of this action should be sent to all similarly situated Investigators. There are numerous similarly situated current and former employees of Defendant who have been denied proper overtime compensation in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit by providing an opportunity to join it. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## **CLASS ACTION ALLEGATIONS**

36. Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class re-allege and incorporate by reference the allegations in the preceding paragraphs.

37. Plaintiff Ponce and Plaintiff McCarthy, as a Class Representatives, also bring claims for relief for violations of California's wage and hour laws pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), on behalf of the following class:

> All persons who worked as, or who were hired to be, a Field Investigator, Background Investigator, or another position with similar job duties, in the State of California for Defendant KeyPoint Government Solutions Inc., at any time within four (4) years prior to the filing of Plaintiff's Complaint (the "California Rule 23 Class").

38. <u>Numerosity</u>:   The putative California Rule 23 Class includes, upon information and belief, in excess of forty (40) persons, making the group so numerous that joinder of all class members would be impracticable.

39. <u>Typicality</u>:   Plaintiff Ponce's and Plaintiff McCarthy's claims are typical of the members of the putative California Rule 23 Class. Plaintiffs are informed and believe that other Investigators also worked more than forty (40) hours in a work week and more than eight hours

6

per day during the relevant statutory period.  Further, Plaintiffs are informed and believe that Defendant failed to provide other Investigators their legally required rest and meal breaks, and failed to compensate Investigators for missed rest and meal breaks.  Plaintiff Ponce and Plaintiff McCarthy had similar duties and responsibilities as other members of the putative California Rule 23 Class.  Plaintiffs and the putative California Rule 23 Class were subject to Defendant's policy and practice of failing to pay appropriate overtime compensation, failing to provide meal and rest breaks, and failing to maintain accurate records of hours worked.

40. Adequacy:   Plaintiff Ponce and Plaintiff McCarthy will fairly and adequately represent the putative California Rule 23 Class and their interests are aligned with and do not conflict with those interests of the Class.  Plaintiffs are represented by competent and experienced counsel who will effectively represent the putative California Rule 23 Class.

41. Commonality: Questions of law and fact are common to the putative California Rule 23 Class, as described herein, and these common questions of law and fact predominate over the variations which may exist between members of the class, if any.  These common questions of law and fact include, without limitation:

a. Whether Defendant unlawfully failed to pay Plaintiffs and the California rule 23 Class appropriate overtime compensation in violation of California law;

b. Whether Defendant failed to provide accurate itemized wage statements to Plaintiffs and the California Rule 23 Subclass as required by Labor Code § 226;

c. Whether Defendant failed to provide rest and meal breaks to Plaintiff and the California Rule 23 Class, in violation of Wage Order No. 4, Cal. Labor Code §§ 226 *et seq.*, and Cal. Labor Code § 512;

    d.  Whether Defendant violated the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and

    e.  The proper measure of damages sustained by Plaintiffs and the California Rule 23 Class members.

  42.  Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual California Rule 23 Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. This is particularly true in the context of wage and hour litigation where individual plaintiffs likely lack the financial resources to vigorously prosecute separate lawsuits against large corporate defendants.

  43.  Plaintiff Ponce and Plaintiff McCarthy will move to send notice to all members of the putative California Rule 23 Class to the extent authorized by the Court and permitted by Federal Rule of Civil Procedure 23. The names and last-known addresses of the members of the California Rule 23 Class are known by Defendant.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (on behalf of Plaintiff and the FLSA Collective)

  44.  Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

  45.  The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

  46.  Plaintiff and the FLSA Collective are non-exempt employees entitled to FLSA overtime compensation for all hours worked in excess of forty (40).

47. Defendant failed to accurately record actual hours worked by Plaintiff and the FLSA Collective.

48. Plaintiff and the FLSA Collective work(ed) in excess of forty (40) hours per week, but did not receive the appropriate overtime compensation from Defendant.

49. By failing to pay proper overtime compensation, Defendant violated the FLSA.

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

51. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and those similarly situated have suffered and will continue to suffer a loss of income and other damages. Plaintiff and those similarly situated are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## COUNT II – VIOLATION OF CALIFORNIA LAW

### FAILURE TO PAY OVERTIME

**(on behalf of Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class)**

52. Plaintiff Ponce and Plaintiff McCarthy, on behalf of themselves and the proposed California Rule 23 Class, allege and incorporate by reference the allegations in the preceding paragraphs.

53. At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 requires an employer, like Defendant, to pay overtime premiums for hours worked in excess of eight in a given workday, forty in a given workweek, or on the seventh day worked in a single workweek at the rate of no less than one and one-half times the regular rate of pay for an employee.

54. Plaintiff Ponce and Plaintiff McCarthy are informed and believe, and thereon alleges, that members of the California Rule 23 Class worked in excess of eight hours per day, forty hours per week, and six or seven days per week, and Defendants unlawfully failed to pay members of the California Class the proper overtime compensation required in violation of IWC Wage Order 4 (4 C.C.R. § 11040) and California Labor Code § 510. Pursuant to California Labor Code § 1194, Plaintiffs and the other Class members are entitled to recover their unpaid overtime compensation. Defendant failed to pay all overtime wages due under California law by knowingly inducing Investigators to under-report their overtime hours and not paying Investigators for those hours it suffered or permitted Investigators to work.

55. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial, plus damages, interest, attorneys' fees, and costs.

## COUNT III – VIOLATION OF CALIFORNIA LAW

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

**(on behalf of Plaintiff McCarthy and the California Rule 23 Class)**

56. Plaintiff McCarthy, on behalf of herself and the California Rule 23 Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

57. California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, gross and net wages earned, the date of the period for which the employee is paid, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. California Labor Code § 226(e) provides that an employee suffering

injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

58. Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff McCarthy and the California Rule 23 Class members, in accordance with Labor Code § 226(e) because Plaintiff McCarthy and the California Rule 23 Class members could not promptly and easily determine, *inter alia*, their hours worked or rates of pay from the wage statements alone.

59. Plaintiff McCarthy and the California Rule 23 Class are entitled to and seek injunctive relief requiring Defendant to comply with Cal. Labor Code § 226(a) and further seek the amount provided under Cal. Labor Code § 226(e), including the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, as well as their attorneys' fees and costs.

## COUNT IV – VIOLATION OF CALIFORNIA LAW

### CALIFORNIA REST BREAK AND MEAL PERIOD PROVISIONS

**(on behalf of Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class)**

60. Plaintiff Ponce and Plaintiff McCarthy, on behalf of themselves and the California Rule 23 Class, allege and incorporate by reference the allegations in the preceding paragraphs.

61. California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

11

62. Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

63. Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less

than three and one-half (3 ½) hours.  Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.  If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

64. California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

65. Defendant knowingly failed to provide Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class with meal periods as required by law, and knowingly failed to authorize and permit Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class to take rest periods as required by law.  Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class are therefore entitled to payment of the meal and rest period premiums as provided by law.

## COUNT V – VIOLATION OF CALIFORNIA LAW

### FAILURE TO PAY FINAL WAGES

**(on behalf of Plaintiff Ponce, Plaintiff McCarthy, and the California Waiting Time Penalties Subclass)**

66. Plaintiff Ponce and Plaintiff McCarthy, on behalf of themselves and the California Rule 23 Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

13

67. California Labor Code §§ 201 and 202 require Defendant to pay employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

68. As a consequence of Defendant's willful conduct in not paying proper compensation for all hours worked, Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Subclass who have separated from employment are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

## **COUNT VI - VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**
### **(on behalf of Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class)**

69. Plaintiff Ponce and Plaintiff McCarthy, on behalf of themselves and the California Rule 23 Class, allege and incorporate by reference the allegations in the preceding paragraphs.

70. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business act or practices.

71. Beginning at a date unknown to Plaintiff Ponce and Plaintiff McCarthy, but at least as long ago as approximately June 2014 and August 2014, respectively, Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class.

72. Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

    a. Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

    b. California Labor Code §§ 510 & 1194

    c. California Labor Code §§ 226.7 & 512

73. Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

74. The harm to Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

75. Pursuant to Business and Professions Code §§ 17200 *et seq.*, Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class are entitled to restitution of the overtime earnings and other unpaid wages alleged herein that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendant to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated in the FLSA Collective, prays for relief as follows:

15

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendant for violation of the overtime provisions of the FLSA;

C. Judgment that Defendant's violations as described above were willful;

D. Judgment that Defendant failed to maintain accurate time records of all the hours worked by Plaintiff in violation of the FLSA;

E. An award in an amount equal to Plaintiff's and the similarly situated employees' unpaid back wages at the applicable overtime rate;

F. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

G. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

H. An award of prejudgment interest to the extent liquidated damages are not awarded;

I. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff Ponce and Plaintiff McCarthy, on behalf of themselves and the putative California Rule 23 Class, prays for relief as follow:

A. Certification of this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the California Rule 23 Class;

16

  B.  Appointment of Plaintiff Ponce and Plaintiff McCarthy as Class Representatives, and appointment of their counsel as Class Counsel;

  C.  Judgment against Defendant for violations of the overtime provisions, the itemized wage statement provisions, the meal and rest period provisions, and the waiting time penalty provisions of the California wage laws cited above as to Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class;

  D.  Judgment that Defendant's violations as described above were willful;

  E.  An award in the amount of unpaid wages owed, liquidated damages, and penalties where provided by state law, and interest thereon, subject to proof at trial;

  F.  An award of restitution to Plaintiff Ponce, Plaintiff McCarthy, and the California Rule 23 Class due to Defendant's unlawful activities, pursuant to California state law cited above;

  G.  An injunction against Defendant to cease and desist from unlawful activities in violation of state laws cited above;

  H.  An award of reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 218.5, 226, 558, 1194, 2699, and/or other applicable state laws; and

  I.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, the FLSA Collective, and the putative Rule 23 class demand a trial by jury.

Dated: July 9, 2020

              s/ Rachhana T. Srey
              **NICHOLS KASTER, PLLP**
              Rachhana T. Srey, MN Bar No. 340133
              Caroline E. Bressman, MN Bar No. 0400013
              4600 IDS Center, 80 South 8th Street
              Minneapolis, MN  55402
              Telephone: (612) 256-3200

Facsimile: (612) 215-6870
Email: srey@nka.com
cbressman@nka.com

**THE LAW OFFICES OF PETER T. NICHOLL**
Benjamin L. Davis, III, MD Bar No. 29774
George E. Swegman, MD Bar No. 19444
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Telephone: (410) 244-7005
Email: bdavis@nicholllaw.com
gswegman@nicholllaw.com

**ATTORNEYS FOR PLAINTIFFS, THE FLSA COLLECTIVE CLASS, AND THE PUTATIVE RULE 23 CLASS**

18