IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-0550-WJM-NRN

RACHEL BRAYMAN, DANA McCARTHY, and ADRIANA PONCE, individually and on behalf of all other similarly situated individuals,

    Plaintiffs,

v.

KEYPOINT GOVERNMENT SOLUTIONS, INC., a Delaware corporation,

    Defendant.

## ORDER DENYING DEFENDANT KEYPOINT GOVERNMENT SOLUTIONS, INC.'S MOTION FOR RECONSIDERATION

Before the Court is Defendant KeyPoint Government Solutions, Inc.'s Motion for Reconsideration ("Motion") (ECF No. 371), which asks this Court to reconsider its March 31, 2022 Order on Pending Motions related to: (1) its denial of KeyPoint's Amended Motion for Decertification; and (2) its grant of Plaintiffs' Amended Motion for Final FLSA Certification ("Prior Order") (ECF No. 365).  Familiarity with the Prior Order is presumed, including abbreviations and defined terms employed there.

District courts have broad discretion to reconsider their interlocutory rulings before entry of judgment.  *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.").  Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment brought pursuant to

Federal Rule of Civil Procedure 60(b) are not satisfied. See *Laird v. Stilwill*, 982 F. Supp. 1345, 1353–54 (N.D. Iowa 1997).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id*.

In what is becoming a familiar refrain when faced with an adverse ruling in this action,[1] KeyPoint asks the Court to reconsider its denial of its Motion for Decertification and its grant of Plaintiffs' Motion for Final Certification to prevent manifest injustice. (ECF No. 371 at 2.) For support, KeyPoint argues, *inter alia*, that the Court erred by failing to: sufficiently consider the implications of KeyPoint's evidence of individualized liability and damages; properly balance Plaintiffs' opportunity to proceed collectively against its obligation to allow KeyPoint to present individualized defenses regarding liability and damages, as well as specific considerations of fairness and procedural

---

[1] Counsel for Defendant are on notice that the Court has reached the end of its patience with their seeming inability to abide with the undersigned's rulings and orders on the first go-round. In the future, absent a compelling and meritorious basis, a "Motion for Clarification," or a "Motion for Reconsideration," or their functional equivalent, filed by Defendant will cause the Court to seriously entertain the appropriateness of personally imposing on defense counsel monetary sanctions, to include without limitation an award of attorney fees and costs to Plaintiffs.

issues; and suggest "a realistic way in which this collective case could be managed at trial without the need to call something close to 300 witnesses." (*Id.* at 3–9.)

The Court rejects KeyPoint's arguments. In issuing the Prior Order, the Court denied KeyPoint's Motion for Decertification and granted Plaintiffs' Motion to Certify Collective Action only after thoroughly considering the parties' arguments, the legal standard for certifying and decertifying a FLSA collective action, and how it would manage a trial in this action. KeyPoint's arguments do not "demonstrate[] [a] manifest error of law or fact or present[] newly discovered evidence." *Nat'l Bus. Brokers*, 115 F. Supp. 2d at 1256. KeyPoint instead presumptuously asks the Court, in essence, to think harder about its arguments. However, none of the arguments raised in the Motion alter the undersigned's determination that the Prior Order was properly decided.

For all these reasons, KeyPoint's Motion for Reconsideration (ECF No. 371) is DENIED.

Dated this 14th day of April, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge