IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Case No. 18-cv-0550-WJM-NRN

RACHEL BRAYMAN, DANA McCARTHY, AND ADRIANA PONCE, individually and on behalf of all other similarly situated individuals,

    Plaintiffs,

v.

KEYPOINT GOVERNMENT SOLUTIONS INC., a Delaware corporation,

    Defendant.

---

**AMENDED ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL**

---

Before the Court are the parties' Joint Motion for Fair Labor Standards Act Settlement Approval. (ECF No. 427.) The Court GRANTS the Motion as follows:

### RECITALS

WHEREAS, on March 8, 2018, Named Plaintiff Rachel Brayman filed an action entitled *Brayman v. KeyPoint Government Solutions, Inc.*, No. 18-cv-0550-WJM-NRN, in the United States District Court for District of Colorado (as amended by the First Amended Complaint filed July 9, 2020, the "Action");

WHEREAS, in the Action, the Named Plaintiff Brayman alleged that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., by failing to pay her and other similarly situated background investigators for the overtime hours they worked. Named Plaintiff Brayman sought damages, equitable relief, penalties, attorneys' fees, and costs, on her own behalf and on behalf of similarly situated individuals pursuant to 29 U.S.C. § 216(b);

1

WHEREAS, on April 6, 2018, Plaintiff Brayman moved for FLSA Conditional Certification and Court-Authorized Notice and on November 1, 2018, the Court granted Plaintiff's Motion. On August 30, 2019, the Parties filed a Joint Motion for Clarification of the Scope of Notice and, on December 16, 2019, the court re-defined the FLSA collective as: "All persons who worked as, or who were hired to be, a Field Investigator, Background Investigator, or another position with similar job duties, for Defendant KeyPoint Government Solutions, Inc. at any time from April 2015-September 18, 2019";

WHEREAS, on July 9, 2020, with the Court's permission, Plaintiff Brayman filed her First Amended Complaint against Defendant adding Rule 23 California State Law Claims and Opt-in Plaintiffs Dana McCarthy and Adriana Ponce as additional Named Plaintiffs and Class Representatives;

WHEREAS, on July 23, 2020, Defendant filed its Answer to the First Amended Complaint denying the material allegations of the First Amended Complaint and asserting certain Additional and Affirmative Defenses. Defendant also filed a Motion to Compel Arbitration of California State Law Claims and Strike Related Rule 23 Class Action Allegations;

WHEREAS, the Parties subsequently engaged in extensive representative discovery. KeyPoint took the depositions of Named Plaintiff Brayman, the two Rule 23 California state law class representatives McCarthy and Ponce, and 25 opt-in Plaintiffs. Plaintiffs took the depositions of more than a dozen corporate representatives and field managers. The parties also served and responded to extensive written discovery;

WHEREAS, after deciding the Parties' motions relating to FLSA and Rule 23 certification issues and following the appeals on these issues to the United States Court

of Appeals for the Tenth Circuit, this Court issued an Order on June 3, 2024, administratively closing the case and directing the Parties to participate in three days of mediation with a qualified third-party neutral;

WHEREAS, throughout this litigation, Counsel for the Parties vigorously pursued their respective positions and the rights of their clients through extended legal and factual analysis, discovery, and damages analysis, and have engaged in good faith, arms-length negotiations regarding settlement. After extensive negotiations between the Parties during and subsequent to the mediation sessions, the Parties reached an agreement on the terms and conditions of a settlement as set forth in this Stipulation of Settlement;

WHEREAS, Defendant has denied and continues to deny each of the claims and contentions alleged by Plaintiffs in this Action, denies any wrongdoing or legal liability arising out of or related to any of the facts or conduct alleged in this Action, and believes that it has valid defenses to Plaintiffs' claims;

WHEREAS, in agreeing to the settlement embodied in this Stipulation of Settlement, the Parties have considered: (i) the facts developed during the pendency of the Action and the law applicable thereto; (ii) the attendant risks of continued litigation and the uncertainty of the outcome of the Action; (iii) the desirability of permitting the settlement to be consummated according to the terms of the Stipulation of Settlement; and (iv) the conclusion of the Parties and their counsel that the terms and conditions of this Agreement are fair, reasonable, adequate, and that it is in the Parties' best interests to settle the Action as set forth below;

WHEREAS, the Parties agree to cooperate and take all steps necessary and appropriate to dismiss this Action with prejudice; and

WHEREAS, it is the intention of the Parties that this Stipulation of Settlement shall constitute a full and complete settlement of all Released Claims against all Released Parties.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** among the Parties, by and through their respective attorneys of record, and ORDERED by the Court, that in consideration of the foregoing and of the promises and mutual covenants contained herein, and other good and valuable consideration, the Action shall be settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

### 1.   DEFINITIONS

For purposes of this Stipulation of Settlement, the following definitions shall apply, in addition to the definitions set forth in other sections of this Stipulation of Settlement:

A.   "Action" shall mean and refer to the action entitled *Brayman et al., v. KeyPoint Government Solutions, Inc.*, No. 18-cv-0550-WJM-NRN pending in the United States District Court for the District of Colorado.

B.   "Court" means the United States District Court for the District of Colorado.

C.   "Defendant" shall mean and refer to KeyPoint Government Solutions, Inc. (now known as Peraton Risk Decision Inc.)

D.   "Defendant's Counsel" shall mean the law firm of Littler Mendelson, P.C.

E.   "Named Plaintiffs" means Rachel Brayman, Dana McCarthy, and Adriana Ponce in their individual capacity.

4

F.  "Opt-in Plaintiffs" shall mean all individuals who filed consent forms with the Court requesting to participate in the Action and who have not withdrawn their consents.[1]

G.  "Parties" shall mean Defendant and Settling Plaintiffs.

H.  "Plaintiffs' Counsel" shall mean the law firm of Nichols Kaster, PLLP.

I.  "Rejecter" shall mean any Named or Opt-in Plaintiff within the scope of the settlement class who communicates a written rejection within the timeline outlined in Section 8(B).

J.  "Released Claims" has the meaning set forth in Section 4, *infra*.

K.  "Released Parties" means Defendant, along with its owners, parent companies at any level, divisions, subsidiaries, past, present or future affiliates, trustees, predecessors, successors, transferees, assigns, officers, directors, employees, agents, and representatives.

L.  "Settlement Effective Date" shall mean the date upon which the Court enters an Order granting approval of the Stipulation of Settlement.

M.  "Settling Plaintiffs" shall mean any Named or Opt-in Plaintiffs who are included within the scope of the settlement and who do not provide a written rejection of this settlement offer before the 30-day response deadline.

## 2.  SETTLEMENT AMOUNT

A.  In consideration for the actions, promises, and mutual covenants and releases described herein, the sum of $1,600,000.00 (the "Plaintiff Settlement Amount")

---

[1] There are 212 Plaintiffs who signed and filed consents to be Plaintiffs and who have not filed a withdrawal of their consents. (Exhibit 1.) The Parties agree that Nhelta Kayren is not included as an Opt-in Plaintiff even though she has not withdrawn her consent. The Parties agree to either withdraw or dismiss her claim as part of the settlement.

shall be paid by Defendant to resolve all Settling Plaintiffs' Released Claims as described in Section 4, *infra*. The Plaintiff Settlement Amount includes all amounts to be paid by Defendant, including amounts for payment of a contingency fund to be used to effectuate the purposes of settlement, and service fee award payments to the Named Plaintiffs and Opt-in Plaintiffs who were deposed in this litigation. Defendant shall also pay $1,400,000.00 for attorneys' fees, litigation expenses, and costs of Plaintiffs' Counsel for a Total Settlement Amount of $3,000,000.00. Defendant shall also be responsible for payment of the employer's share of payroll taxes resulting from payments of the Plaintiff Settlement Amount to Settling Plaintiffs.

B.   In the event that this Stipulation of Settlement is voided under Section 11, *infra*, it is the Parties' intention that the full Settlement Amount shall revert to Defendant, and that the Settling Plaintiffs shall be restored with all rights that they possessed prior to the execution of this Stipulation of Settlement.

3.   **NO ADMISSION OF LIABILITY; INADMISSISBILITY OF THIS AGREEMENT**

A.   Nothing contained in this Stipulation of Settlement shall be construed as or deemed an admission of liability, damages, wrongdoing, or other unlawful behavior on the part of Defendant. Defendant denies any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Action.

B.   This Stipulation of Settlement is a compromise and shall not be construed by the Parties as an admission of liability by the Released Parties (or any of them) at any time or for any purpose, under any circumstances. The Parties further acknowledge and agree that neither this Stipulation of Settlement nor the settlement shall be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity, including Defendant and/or

6

Released Parties. Neither this Stipulation of Settlement nor anything in it, nor any part of the negotiations that occurred in connection with the drafting creation of this Stipulation of Settlement, shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of this Stipulation of Settlement.

### 4. RELEASE

Each and every Settling Plaintiff, on behalf of his/her respective heirs, beneficiaries, executors, trustees, conservators, personal representatives, successors-in-interest, creditors and assigns, hereby knowingly and voluntarily, forever and fully releases and covenants not to sue Defendant and/or Released Parties from/for any and all known and unknown wage claims for overtime compensation, minimum wages, liquidated damages, and interest under the FLSA arising from the Settling Plaintiff's employment with Defendant as a "Field Investigator, Background Investigator, or in other positions with similar job duties" up to and including February 7, 2025 ("Released Claims"). Assuming that Named Plaintiffs McCarthy and Ponce are "Settling Plaintiffs," in addition to their FLSA claims described in this paragraph, they also agree to release their California state law claims asserted in the Action.

### 5. CALCULATION OF SETTLEMENT OFFERS TO PLAINTIFFS

A. After the service payment to the Named Plaintiffs and deposed Opt-in Plaintiffs (as identified below) and the $10,000.00 set aside as the contingency fund, the amount allocated to Named and Opt-In Plaintiffs in the scope of the settlement class is $1,566,500.00 (the "Allocation Fund"). Defendant's individual settlement offers to the Named and Opt-in Plaintiffs within the scope of the settlement class are outlined in

7

Exhibit 2. The individual settlement offers in Exhibit 2 are based on the data Defendant provided to Plaintiffs' Counsel prior to mediation and a pro rata allocation formula developed by Plaintiffs' Counsel based on Plaintiffs' Counsel's damages analysis. Defendant reviewed and has no objection to the proposed pro rata allocations.

   B. Plaintiffs' Counsel may apply to the Court for a reasonable service payment for the following amounts for the following Plaintiffs: $5,000.00 from the Plaintiff Settlement Amount for Named Plaintiff Rachel Brayman, $3,000.00 for each of Named Plaintiffs McCarthy and Ponce, and $500.00 for each deposed Opt-in Plaintiff. Defendant does not oppose these service payment requests.

  **6.** **PAYMENT TO SETTLING PLAINTIFFS; TAXATION AND NO TAX ADVICE**

   A. Each Settling Plaintiff will receive one settlement check from Defendant. One half of the settlement payment will be reported as wages for tax purposes with each Settling Plaintiff receiving an IRS Form W-2. The other half of the settlement payment shall constitute payment for liquidated damages and will be reported on an IRS Form 1099.

   B. Each Settling Plaintiff shall be obligated to obtain his or her own independent tax advice concerning the proper income reporting and tax obligations regarding any and all payments and/or other remuneration he or she receives or obtains pursuant to this Stipulation of Settlement, and shall further assume the responsibility of remitting to the Internal Revenue Service and any other relevant taxing authorities any and all amounts required by law to be paid out of any monies received, or other remuneration obtained, under this Stipulation of Settlement, without any contribution whatsoever from any of the Released Parties or Plaintiffs' Counsel. Nothing in this Stipulation of Settlement shall be construed as Defendant or Plaintiffs' Counsel

providing any advice regarding the reporting or payment of taxes or the tax consequences of a Settling Plaintiff's participation in any portion of this Stipulation of Settlement.

### 7.     ATTORNEYS' FEES AND COSTS

A.     The Court hereby approves the $1,400,000.00 amount for attorneys' fees and litigation costs and expenses sought in the FLSA settlement.

B.     Defendant does not oppose Plaintiffs' Counsel's application to the Court for approval of attorneys' fees and litigation costs in the amount set forth in Section 7.A. above.

### 8.     COMMUNICATING SETTLEMENT OFFERS AND REJECTERS

A.     The Parties have agreed that third-party settlement administrator Simpluris shall be responsible for distributing the notice of this settlement (Exhibit 3) to the Plaintiffs within the scope of the settlement class.

B.     Each Plaintiff within the scope of the settlement class shall have the opportunity to accept or reject his/her individual settlement offer. Each Plaintiff who does not provide a written rejection of this settlement offer before the 30-day deadline will be considered a "Settling Plaintiff." A rejection must be communicated in writing to Plaintiffs' Counsel no later than the response deadline identified in the Notice of Settlement. The Parties will file a stipulation to dismiss without prejudice all those who reject their settlement ("Rejecters") at the same time that the Parties file the motion to approve this Stipulation of Settlement. Rejecters will not be bound by the Release outlined in Section 4, *supra*. Rejecters will forever forfeit their consent-based tolling (as to the claims brought here) if they do not re-file their claim within 30 days after their claims are dismissed without prejudice. Plaintiffs' Counsel will promptly advise

Defendant's counsel in the event any such rejections are received.  The individual settlement amount(s) allocated to Rejecters will be retained by Defendant.

## 9. SETTLEMENT APPROVAL, PAYMENTS, AND DISTRIBUTION OF FUNDS

A. Within thirty-one days of the Settlement Effective Date, Defendant shall instruct the third-party settlement administrator, Simpluris, to mail the settlement checks to each Settling Plaintiff.  Simpluris shall send a copy of the checks to counsel for Plaintiffs and counsel for Defendant.  Checks to Settling Plaintiffs shall indicate on their face that they will be void after ninety days from the date of issuance.  The back of the settlement check shall include the following language releasing the Settling Plaintiff's FLSA based wage claims: "I previously consented to having my wage claims prosecuted in this litigation and I now understand that by signing, dating, and endorsing this check, I am bound by the Release contained in Section 4 of the Stipulation of Settlement and Release."  Accordingly, Settling Plaintiffs shall have ninety days to cash, deposit, or otherwise negotiate each of their settlement checks.  Any Settling Plaintiff who does not cash, deposit, or otherwise negotiate his or her settlement check will not be bound by the Release at Section 4, *supra* and tolling will be subject to the understandings with respect to tolling found at Section 8.B, *supra*.

B. Settlement checks that have not been cashed, deposited, or otherwise negotiated within ninety days shall be null and void.  Simpluris shall provide Defendant and Plaintiffs' Counsel with a list of the Settling Plaintiffs who have not cashed their checks on the dates thirty days and fourteen days prior to the expiration of this 90-day period, as well as seven days following the expiration of the 90-day period. Any funds from uncashed settlement checks shall be retained by Defendant.

  C. Plaintiffs' counsel shall provide an updated Form W-9 for their firm to counsel for Defendant by the date that the Settlement Notices are mailed out.  Within thirty-one days of the Settlement Effective Date, Defendant shall pay the attorneys' fees and litigation costs and expenses approved by the Court to Plaintiffs' Counsel by wire transfer.  Defendant will issue Nichols Kaster, PLLP an IRS Form 1099 for the attorneys' fees and litigation costs and expenses approved by the Court.

### 10.  REASONABLE COMPROMISE OF BONA FIDE DISPUTE

The Parties agree that the terms of this Stipulation of Settlement represents a reasonable compromise of disputed issues, arising from a bona fide dispute over the merits of Plaintiffs' claims and agree to represent the same to the Court.  The Parties further agree that the settlement is a fair, reasonable, and adequate resolution of Plaintiffs' claims.

### 11.  MUTUAL FULL COOPERATION

  A. Counsel for the Parties agree to and shall fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Stipulation of Settlement, including drafting all papers to be filed with the Court in conjunction with approval of this settlement.  Counsel for the Parties shall also provide the third-party settlement administrator with reasonable and timely assistance necessary to communicate settlement offers and locate missing Opt-in Plaintiffs.

  B. Counsel for the Parties agree, within the boundaries of applicable ethical rules, that they will not attempt, directly or indirectly, to encourage any Plaintiff to reject his or her individual settlement offer.  Plaintiffs' Counsel further agrees, within the boundaries of applicable ethical rules, that they will recommend acceptance of the individual settlement offer to each Plaintiff within the scope of the settlement class.

## 12.  CONSTRUCTION

The Parties agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy and intensive arms-length negotiations between the Parties and that this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in the drafting of this Stipulation of Settlement.

## 13.  CAPTIONS AND INTERPRETATIONS

Section titles or captions contained in this Stipulation of Settlement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any of its provisions.

## 14.  MODIFICATION

This Stipulation of Settlement, including the attached Exhibits, may not be changed, altered, or modified, except in a writing signed by counsel for each of the Parties.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for each of the Parties and approved by the Court.

## 15.  INTEGRATION CLAUSE

This Stipulation of Settlement (including the attached Exhibits) contains the entire agreement between the Parties relating to the settlement of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Stipulation of Settlement.  No rights under this Stipulation of Settlement may be waived except in writing signed by the counsel for each of the Parties as set forth in Section 11, *supra*.

### 16. BINDING ON ASSIGNS

This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

### 17. COUNTERPARTS & ELECTRONIC SIGNATURES

This Stipulation of Settlement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement. This Stipulation of Settlement may be executed by electronic signatures, PDF, or email, which shall be deemed to be originals.

### 18. APPLICABLE LAW

This Stipulation of Settlement shall be governed by and construed in accordance with federal law and the law of the State of Colorado, to the extent federal law does not apply.

### 19. RETENTION OF JURISDICTION

The Clerk of Court will terminate this action, effective immediately.

The Court shall, however, retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation of Settlement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Stipulation of Settlement.

Dated this 29th day of July, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

14